IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Thomas Jennings, | ) | Civil Action No. 2:17-231-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Algeco Scotsman *and* Williams Scotsman, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendant Williams Scotman's motion to compel. For the reasons set forth below, the motion is granted in part and denied in part.

I. **Background**

This is a slip and fall case. Plaintiff alleges he fell down at in a mobile office unit in Lincolnville, South Carolina, owned by Defendants, because the wooden floorboards had rotted. In 1997, Plaintiff pleaded guilty to strong arm robbery of a Winn-Dixie supermarket. He was sentenced to ten years imprisonment, and actually served about four years. Plaintiff was deposed in this matter on January 24, 2018. He gave testimony regarding the circumstances of his guilty plea in 1997. Defendants doubt the veracity of his testimony, and subpoenaed records from the South Carolina Department of Corrections and from the Charleston Police Department. Defendants view the contents of those records as inconsistent with Plaintiff's deposition testimony. Essentially, Plaintiff testified that he entered the Winn-Dixie to rob an ATM inside the store, but records appear to indicate that Plaintiff tied up the manager, took his keys, and robbed the store. Defendants served requests to admit regarding those records, with an interlocking interrogatory to explain the basis for any denial and request to produce any documents related to a denial.

Defendants view Plaintiff's responses as inadequate and Defendant Williams Scotsman has filed the present motion to compel an adequate response.

## II. <u>Legal Standard</u>

Rule 36 of the Federal Rules of Civil Procedure provides, "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Rules 36(a)(4) and (5) provide as follows:

> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonably inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> (5) Objections. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Additionally, Rule 36(a)(6) allows a party who has served a request for admission to move the court "to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served."

If a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete disclosure, answer, or response, "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995).

## III. Discussion

Defendant moves the Court to address the sufficiency of the Plaintiff's responses to requests to admit numbers 7 (a–f), 9, 10, 11, 13 (a–f), 15, 16, 17 and 18.

### A. Request to admit number 7 (a–f)

Plaintiff was asked to admit that certain South Carolina Department of Corrections ("SCDC") records: (a) are a true and authentic copy of South Carolina Department of Correction records created for the incarceration of Plaintiff; (b) were made and kept in the ordinary course and scope of the SCDC's regular course of activity and/or the administration of criminal justice; (c) pertain to acts, events, observations, and discussions made at or near the time by, or from information transmitted by, a person with knowledge in the course of a regularly conducted activity and/or the administration of criminal justice; (d) are records generated by public officials and contain information the public officials had a duty to report; (e) are records generated by public officials and set forth factual findings derived from a legally authorized investigation; and (f) that there is no evidence the records came from an untrustworthy source or as the result of an untrustworthy method.

In response, Plaintiff denied request to admit 7(a), stating that "various pages and portions of pages" are not legible and that certain pages were not created by SCDC. Defendant argues Plaintiff should have to admit to the authenticity of any portion of the records to which that objection does not apply. The Court agrees. *See* Fed. R. Civ. P. 36(a)(4) ("[When good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."). Plaintiff is ordered to admit to the authenticity of any page that Plaintiff admits is an authentic page from SCDC records, or to deny that any page is a true and authentic copy.

Plaintiff denied requests to admit 7(b)–(f) on the basis that the records certification from SCDC only certifies that the records are true and correct copies and is silent on the circumstances of their creation. The Court finds that denial is proper. If Plaintiff is unwilling to stipulate, then it is for Defendant to prove that the records were made and kept in the ordinary course of SCDC's administration and that they were made by knowledgeable persons.

**B.     Request to admit number 9**

Defendant requests Plaintiff admit a summary of Plaintiff's robbery offense recorded in SCDC records at Bates SCOTSMAN 047 is an accurate summary of the circumstances of the robbery. Defendant has not provided that statement to the Court. The Court does not know who made that summary, when that summary was made, or the circumstances under which that summary was made. Thus, the Court has no basis to find Plaintiff's denial of the accuracy of that statement is improper. Moreover, the probative value of the statement is rather dubious. Plaintiff is bound by the factual statement given at his plea colloquy, not by notes in prison records.

**C.     Requests to admit number 10 and 11**

Defendant requests Plaintiff admit that he tied up the Winn-Dixie manager, took his keys, and robbed the store. Defendant also requests Plaintiff admit that he planned to rob the store manager and that he had been hiding and lying in wait for the store to close so he could rob it. Those are factual statements contained in the prison records addressed in request to admit number 9. Plaintiff denies the requests without qualification. The basis for the unqualified denial necessarily is that Plaintiff says he did not do what Defendant says he did. Plaintiff has denied the accuracy of the source of this information and he denies these statements in particular. It is unclear what further basis or evidence Defendant thinks Plaintiff has to offer.

**D.   Request to admit number 13(a–f)**

This request to admit is identical to request to admit number 9, except that it relates to Charleston Police Department records instead of SCDC records. Plaintiff denies request to admit 13(b)–(e) for the same reasons Plaintiff denied request to admit 9(b)–(f) and the Court finds those denials proper for the same reasons set forth regarding requests to admit 9(b)–(f).

Plaintiff also denies request to admit 13(a), which requests Plaintiff admit the records provided by the Charleston Police Department records are "a true and authentic copy of City of Charleston Police Department records." Plaintiff asserts that the cover letter from the City of Charleston only states that the documents at issue are "copies" of "Investigative Reports" and "Arrest Report" without using the magic words "true and authentic." (*See* Dkt. No. 38-4.) The Court finds the basis for Plaintiff's denial of request to admit 13(a) is unreasonably facile. The signed cover letter from the North Charleston Police Department, stating that the records are being produced in response to a subpoena, clearly intends to convey that the copies are authentic. Moreover, it is very unlikely that a police department gave false records in response to a federal subpoena. If Plaintiff believes the records are false or defective in some other way, he must explain why. The Court therefore orders Plaintiff either to admit to request number 13(a) or to provide a good-faith basis for the denial.

**E.   Request to admit number 15, 16, and 18**

Defendant requests Plaintiff admit that he robbed the Winn-Dixie while wearing a towel with eyeholes to conceal his face and while concealing an item which he intended others to believe to be a gun. Defendant also requests Plaintiff admit that when robbing the store, he ordered one person to tie up another person before Plaintiff himself tied up the first person. Plaintiff answers with unqualified denials. The basis for the unqualified denials necessarily is that Plaintiff says he

did not do what Defendant says he did. It is unclear what further basis or evidence Defendant thinks Plaintiff has to offer.

**F.  Request to admit number 17**

Defendant requests Plaintiff admit that he stole over $20,000 from the Winn-Dixie. Plaintiff denied the request, but in response to the motion to compel has agreed to amend the answer from "Denied" to "Plaintiff does not know the amount in question and therefore does not admit or deny the Request." The motion to compel is moot as to this request for admission.

**IV.  Conclusion**

For the foregoing reasons, Defendant Williams Scotsman's motion to compel is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** the motion as to requests to admit numbers 9(a) and 13(a), **DENIES AS MOOT** the motion as to request for admission number 17, and otherwise **DENIES** the motion.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 12, 2018
Charleston, South Carolina